UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:19-CV-05093-RSM-DWC <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: August 2, 2019 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of his application for disability insurance benefits ("DIB").

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") committed harmful error when he failed to properly consider the opinion of Dr. Robin Ferguson at Step Two of the sequential evaluation process and when determining Plaintiff's residual functional capacity ("RFC"). Therefore, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social

REPORT AND RECOMMENDATION - 1

Security Administration for further proceedings consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

On November 21, 2016, Plaintiff filed an application for DIB, alleging disability as of October 1, 2015. *See* Dkt. 6, Administrative Record ("AR") 15. The application was denied on initial administrative review and on reconsideration. AR 15. A hearing was held before ALJ Gerald J. Hill on April 19, 2018. *See* AR 31-82. In a decision dated September 6, 2018, the ALJ determined Plaintiff is not disabled. *See* AR 15-26. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider evidence related to Plaintiff's mental health impairments. Dkt. 8, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ erred by failing to properly consider Plaintiff's mental health impairments at Step Two.**

Plaintiff alleges the ALJ erred when he failed to properly consider whether Plaintiff's mental health impairments were severe at Step Two of the sequential evaluation process. Dkt. 8. Specifically, Plaintiff alleges the ALJ erred in his consideration of Dr. Robin Ferguson's opinion. *See id.*

Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen*, 80 F.3d at 1290 (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (adopting Social Security Ruling "SSR" 85-28)).

At Step Two, the ALJ found Plaintiff had the following severe impairments: "degenerative joint disease (DJD) of the knees; obesity[.]" AR 18. The ALJ determined Plaintiff's "mental impairments of adjustment disorder and alcohol use disorder, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities, and are therefore non-severe." AR 18. In finding Plaintiff's mental impairments were not severe, the ALJ, in relevant part, gave significant weight to Dr. Ferguson's opinion. AR 18. While unclear, Plaintiff appears to allege the ALJ's failure to properly consider the opined limitations in Dr. Ferguson's opinion resulted in harmful error. *See* Dkt. 8, p. 2.

On October 11, 2016, Dr. Ferguson, a licensed psychologist, completed a Disability Benefits Questionnaire. AR 611-15. Dr. Ferguson diagnosed Plaintiff with unspecified depressive disorder, noting it is a progression of Plaintiff's adjustment disorder. AR 611. Dr. Ferguson opined that Plaintiff's mental diagnosis causes an occupational and social impairment of reduced reliability and productivity. AR 611. She also noted Plaintiff's diagnosis results in the

1 following symptoms: depressed mood, anxiety, chronic sleep impairment, and disturbances of
2 motivation and mood. AR 614.
3       At Step Two, the ALJ discussed Dr. Ferguson's findings and gave Dr. Ferguson's
4 opinion significant weight. AR 18. The ALJ, however, failed to discuss Dr. Ferguson's opinion
5 that Plaintiff's mental diagnosis resulted in reduced reliability and productivity. AR 611. Further,
6 the ALJ did not discuss Dr. Ferguson's findings that Plaintiff's diagnosis caused depressed
7 mood, anxiety, chronic sleep impairment, and disturbances of motivation and mood. AR 614.
8       The ALJ "may not reject significant probative evidence without explanation." *Flores v.*
9 *Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (internal quotations omitted). The "ALJ's written
10 decision must state reasons for disregarding [such] evidence." *Id*. at 571. The ALJ gave
11 significant weight to Dr. Ferguson's opinion, but failed to find Plaintiff has a severe mental
12 health impairment or discuss Dr. Ferguson's opinion that Plaintiff suffers from functional
13 limitations as a result of his mental health impairments. *See* AR 18. This is error.
14       The Court also notes the ALJ's interpretation of portions of Dr. Ferguson's opinion is not
15 supported by the record. The ALJ stated Dr. Ferguson "did not indicate that the claimant would
16 be unable to maintain a full time work schedule." AR 18. The ALJ found the discussion
17 regarding Plaintiff's involvement in a vocational rehabilitation program supported the conclusion
18 that Plaintiff would be able to do full time work despite his mental health impairments. AR 18.
19 While Dr. Ferguson did not indicate Plaintiff would be unable to maintain a full time work
20 schedule, Dr. Ferguson did not find Plaintiff could work nor did Dr. Ferguson indicate Plaintiff
21 has no work limitations as a result of his diagnosed mental impairment. *See* AR 611-15. Further,
22 Dr. Ferguson noted Plaintiff was in a vocational rehabilitation program that provided funding for
23 Plaintiff to attend school. AR 613. Plaintiff attended two accelerated classes but withdrew after a
24

few weeks because the classes were going too fast and Plaintiff was not doing well on the tests. AR 613. Thus, Plaintiff's participation in the vocational rehabilitation program does not show Plaintiff is able to do full time work. The ALJ's findings that Dr. Ferguson's opinion indicates Plaintiff can maintain full time work are not supported by the record. As such, the ALJ erred.

In conclusion, at Step Two, the ALJ gave significant weight to Dr. Ferguson's opinion, but failed to consider Dr. Ferguson's opinion related to Plaintiff's diagnosed mental health impairment and functional limitations caused by the impairment. Further, the ALJ's interpretation of Dr. Ferguson's opinion is not supported by the record. As the ALJ failed to discuss significant, probative evidence and as the evidence shows functional limitations, the ALJ erred in determining Plaintiff does not have a severe mental health impairment at Step Two after giving significant weight to Dr. Ferguson's opinion.

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396,

407 (2009)). If the ALJ accounts for all Plaintiff's limitations in assessing the RFC, the Step Two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Here, the ALJ did not account for any mental health impairments in the RFC regardless of giving significant weight to Dr. Ferguson's opinion. Dr. Ferguson's opinion indicates Plaintiff's mental health impairment resulted in reduced reliability and productivity. *See* AR 611. Had the ALJ properly accounted for all aspects of Dr. Ferguson's opinion, the RFC assessment and the hypothetical questions posed to the vocational expert would have included limitations in reliability and productivity. The ALJ's failure to properly consider Plaintiff's mental health impairments and Dr. Ferguson's opinion at Step Two and throughout the remaining sequential evaluation process affects the ultimate disability decision. Accordingly, the ALJ's errors are not harmless and require reversal.

The ALJ's error at Step Two requires remand to the Commissioner for proper consideration of Plaintiff's severe impairments and to reconsider each of the remaining steps in the administrative process incorporating all Plaintiff's severe impairments and the work limitations caused by his impairments. As the ALJ's error at Step Two impacts all aspects of the ALJ's decision, the ALJ is instructed to re-evaluate this entire matter on remand, completing each step of the sequential evaluation process.[1]

## CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further

---

[1] In a conclusory manner, Plaintiff requests the Court remand this case for an award of benefits. *See* Dkt. 8, p. 4. The Court finds remand for further proceedings is appropriate as there are issues which must be resolved regarding whether Plaintiff is capable of performing jobs existing in significant numbers in the national economy.

proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 2, 2019, as noted in the caption.

Dated this 18th day of July, 2019.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7